John P. Fitzgerald, III
Acting United States Trustee
For Region 4
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7229
Jack Frankel, Attorney, VSB # 15019

**United States Bankruptcy Court**
**Eastern District of Virginia**
**Alexandria Division**

In re:

**Mohamed A. El Rafaei,**     Case No.  20-12583-KHK

**Debtor.**     Chapter 7

     Hearing: November 8, 2022, 09:30 am

**Motion for Rule to Show Cause**

Comes Now, John P. Fitzgerald, III, Acting United States Trustee for Region 4, and moves the Court, pursuant to its inherent authority under Section 105(a) of the Bankruptcy Code, to enter a Rule to Show Cause against Mohamed A. El Rafaei, the Debtor, to show cause why he should not be held in **civil contempt** and sanctioned, including denial of discharge, for refusal to obey lawful orders of the Court.  The orders are:

| **Order** | **Date Entered** | **Docket Number** |
|---|---|---|
| Order to Debtor | 08/19/22 | 270 |
| Order Granting Motion to Convert Case to Chapter 7 | 08/17/22 | 265 |

**Jurisdiction**

1. This Court has authority to hear and decide this matter.  28 U.S.C. § 1334.

2. This is a core proceeding. 28 U.S.C. §157.

**Statement of Facts**

3. On November 23, 2020, Mohamed A. El Rafaei, the Debtor, filed a petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor was represented by attorney Christopher L. Rogan.

## **Order Granting Motion to Convert Case to Chapter 7**

5. On August 17, 2022, the Court entered the Order Granting Motion to Convert Case to Chapter 7. Docket No. 265.

6. The Order Granting Motion to Convert Case to Chapter 7 was endorsed by Dylan G. Trache, with authority from Debtor's counsel, as "Seen and No Objection." Docket No. 265, page 2.

7. The Order Granting Motion to Convert Case to Chapter 7 was not appealed. It is a lawful order of the Court.

8. The Order Granting Motion to Convert Case to Chapter 7 required the Debtor "to file monthly financial reports for the months of November and December 2021, and January, February, March, April, May, June, July and August 2022, in the format established by the United States Trustee, *within 30 days* following the entry of the Order." Docket No. 265, page 1, ¶ 3. (emphasis added).

9. More than thirty (30) has passed and the Debtor has not filed those monthly financial reports.

## **Order to Debtor**

10. On August 19, 2022, the Court entered the Order to Debtor. Docket No. 270.

11. On August 19, 2022, the Order to Debtor was served on the Debtor by first class mail by the Bankruptcy Noticing Center at his address of record, 9203 Old Courthouse Rd., Vienna, VA 22182-2013. Docket No. 270.

12. The Order to Debtor was not appealed. It is a lawful order of the Court.

13. The Order to Debtor stated, among other things, "You shall obey all orders of the United States Bankruptcy Court." Docket No. 270, page 2.

### Court Has the Power to Hold Debtor
### in Contempt for Failing to Obey Orders of the Court

It is well-settled that bankruptcy courts have the power to hold an entity in contempt, at least civil contempt, under either its inherent authority or Section 105(a) of the Bankruptcy Code and impose sanctions.

Section 105(a) of the Bankruptcy Code states:

> The court may issue *any* order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

(emphasis added)

The use of the word "any" allows the Court to issue any type of order, whether injunctive, compensative, or punitive, as long as it is necessary or appropriate to carry out the provisions of the Bankruptcy Code. *In re Dynamic Tours & Transp., Inc.* (359 B.R. 336, 343) (Bank. M.D. Fl 2006). Accordingly, section 105 authorizes a bankruptcy court to hold a party in civil contempt for failing to comply with previous orders of the court. *In re Cherry* (247 B.R. 176) (Bankr. E.D. VA 2000).

### Argument for Rule to Show Cause Being Issued

The two orders are lawful orders of the Court.

The two orders are clear, definite, and unambiguous.

The Order Granting Motion to Convert Case to Chapter 7 was endorsed by Debtor's counsel, with permission, and the Order to Debtor was served on the Debtor at his address of record.

Neither order was appealed and the orders are final orders of the Court.

The Debtor has failed to comply with the two orders.

Wherefore, John P. Fitzgerald, III, the Acting United States Trustee for Region 4, moves the Court to issue a Rule to Show Cause against the Debtor for the Debtor then to show cause, if any can be shown, why he should not be held in **civil contempt** and sanctioned, including denial of discharge, for the failure to obey the lawful orders of the Court.

> John P. Fitzgerald, III
> Acting United States Trustee
> For Region 4
>
> /s/  Jack Frankel
> Jack Frankel, Attorney
> 1725 Duke Street, Suite 650
> Alexandria, VA 22314
> (703) 608-5833

**Certificate of Service**

I hereby certify that on the 23rd day of September, 2022, I mailed, United States mail, postage prepaid, first class, a copy of this motion and notice of motion and hearing to the Debtor and e-mailed a copy to the Debtor's attorney, Chapter 7 Trustee, and Chapter 7 Trustee's Attorney.

| | |
|---|---|
| Mohamed A. El Rafaei<br>9203 Old Courthouse Rd.<br>Vienna, VA 22182 | Christopher L. Rogan, Esq.<br>RoganMillerZimmerman, PLLC<br>50 Catoctin Circle, N.E., Suite 300<br>Leesburg, VA 20176<br>Email:  crogan@rmzlawfirm.com |
| H. Jason Gold, Trustee<br>P O Box 57359<br>Washington, DC 20037<br>Email: goldtrustee@fiduciaryservicesgroup.com | Dylan G. Trache, Esq.<br>Nelson Mullins Riley & Scarborough LLP<br>101 Constitution Ave., NW, Suite 900<br>Washington, DC 20001<br>Email: Dylan.trache@nelsonmullins.com |

/s/  Jack Frankel